UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **APACHE CORPORATION** <br> *Plaintiff* | **CIVIL ACTION NO. 06-1643** |
| **VERSUS** | **JUDGE DOHERTY** |
| **GLOBALSANTAFE DRILLING COMPANY** <br> **GLOBALSANTAFE HUNGARY SERVICES LLC** <br> **GLOBALSANTAFE SOUTH AMERICA LLC** <br> **GLOBALSANTAFE CORPORATION** <br> *Defendants* | **MAGISTRATE JUDGE METHVIN** |
| **DEVON ENERGY PRODUCTION COMPANY LP** <br> *Movant* | |

*RULING ON DEFENDANT GLOBALSANTAFE CORPORATION'S*
*MOTION TO COMPEL ANSWERS TO DEPOSITION ON*
*WRITTEN QUESTIONS*
*(REC. DOC. 63)*

Before the court is a motion to compel filed by defendant GlobalSantaFe Corporation ("mover") against non-party Devon Energy Production Company, L.P  Devon has filed an opposition. The case is set for jury trial on September 8, 2009.

*Background and Argument of Parties*

Plaintiff claims that during Hurricane Rita, a jack-up drilling rig owned by the GlobalSantaFe defendants broke loose from its moorings and slammed into plaintiff's complex of fixed platforms known as South Marsh Island 128 on the Outer Continental Shelf off the coast of Louisiana. Devon is the operator of South Marsh Island 128 and a former plaintiff in the litigation.[1] Devon dismissed its claims, but according to mover, "remains in possession of numerous documents and information relevant to this case."[2]

---

[1] Devon was actually a plaintiff in a related suit, 07-0810, transferred to this court. Prior to consolidation with this matter, Devon dismissed its claims in 07-0810, and the judgment dismissing same was signed on August 8, 2007, rendering the consolidation moot. (Rec. Doc. 31).

[2] Mover's memorandum, (Rec. Doc. 63-3), p. 1.

Mover issued a subpoena from this court on September 24, 2008. The subpoena was addressed to the Custodian of Records for Devon Energy c/o CT Corporation System, in Dallas, Texas, and sought several categories of records. It appears from correspondence and memoranda submitted that these records have actually been produced, and are not currently at issue. Mover's motion does not ask for their production.[3]

Also issued with the subpoena was mover's Notice of Intention to Take Deposition by Written Questions, also addressed to the Custodian of Records for Devon Energy c/o CT Corporation System.[4] The written deposition questions are apparently intended to authenticate the documents produced, and include questions such as the deponents' name and place of employment, whether the produced documents were under deponents' custody and control, whether they are originals or true and correct copies of originals, were kept in the ordinary course of business of the facility, and whether the methods of preparation of the records were trustworthy.[5]

Devon timely filed objections to the subpoena pursuant to an extension of time to do so by mover.[6] Devon produced multiple documents in response to the subpoena, but refused to answer the written deposition questions. Mover filed the motion to compel in response.

---

[3] *Ibid*. p. 4.

[4] Exhibit A (Rec. Doc. 63-4), attached to GlobalSantaFe's memorandum, (Rec. Doc. 63-3).

[5] See *Direct Questions to be Propounded to the Witness*, Exhibit A (Rec. Doc. 63-4), to GlobalSantaFe's memorandum (Rec. Doc. 63-3).

[6] See letter confirming extension until December 5, 2008, to respond to the subpoena, Exhibit B (Rec. Doc. 63-4), to GlobalSantaFe's memorandum (Rec. Doc. 63-3). Devon filed its responses and objections to the subpoena on December 4, 2008. Devon's response, Exhibit C (Rec. Doc. 68-4)..

In its motion, mover argues that failure to respond to a subpoena without adequate excuse is a contempt of court under Fed. R. Civ. P. Rule 45, and the court has the power under Rules 37(a)(1) and (2) to compel a response to the subpoena. Mover argues that Devon has agreed to produce the information, but only on Devon's terms, and that "GlobalSantaFe is simply seeking to have Devon answer its deposition on written questions so the documentation and electronically stored information can be certified and authenticated."[7]

Mover asks the court to *"*require Devon to show cause why it should not be held in contempt or otherwise be required to answer mover's deposition on written questions" and that "pursuant to Fed. R. Civ. P. 37(a)(5)(A), mover asks that it be awarded its reasonable expenses incurred in obtaining the relief requested, including attorney fees."[8]

In opposition, Devon mounts several arguments, including that the subpoena is invalid on its face under Fed. R. Civ. P. 45 as it was issued out of the wrong court; it was neither addressed to nor served upon the proper party; and it requires a person not a party to the litigation to travel more than 100 miles from the place where it regularly transacts business.

Devon argues that it timely filed objections to the subpoena, and in spite of the subpoena's deficiencies, voluntarily produced "massive quantities of documents and data to GSF."[9] Devon further argues that it does not have a witness who can "prove up" all of the documents and electronic information that it produced, and it told mover that it did not have such

---

[7] GlobalSantaFe's memorandum (Rec. Doc. 63-3), p. 3.

[8] *Ibid.*, p. 4.

[9] Devon's response to GlobalSantaFe's memorandum (Rec. Doc. 68), p. 1.

a deponent. Devon states that it does not object to producing such a witness, but cannot produce a witness to answer the questions the way mover wants them answered.

In support of its argument that it cannot provide a witness that certify and authenticate the documents, Devon has attached the affidavits of Tim Enderlin, a Devon construction superintendent, J.D. Page, an attorney for Devon, Joseph Lee, Devon Senior Insurance Specialist, and Nick Mallory, Devon Special Projects Coordinator. In Enderlin's affidavit, he states he gathered documents to respond to the subpoena duces tecum and reviewed the notice of deposition on written questions. Enderlin explained that he could not swear under oath that the documents were either originals or true copies of originals, or that they were produced, as the deposition question read "in the regular course of business of this facility."[10] First, Enderlin attested that some of the documents "appeared to be quite old, and I have no idea about the circumstances under which they were created or whether the documents are originals or true copies of the originals."[11] Secondly, Enderlin stated "I am not sure what is meant by 'this facility;' not all of the documents are normally Houston documents....I don't think all of the documents were the type we would normally have or keep."[12] In sum Devon argues that it simply cannot answer the questions as mover wants it to, so that the records may be easily authenticated as a whole.

In conclusion, Devon asks that it be relieved from having to produce any documents beyond those already provided, and that it be compensated for time spent by its attorneys and

---

[10] Affidavit of Tim Enderlin, (Rec. Doc. 68-7).

[11] *Ibid.*

[12] *Ibid.*

employees in voluntarily responding to the invalid subpoena, and "for the time spent by its attorneys in responding to this motion to compel and for contempt."[13]

***Applicable Law and Discussion***

As an initial and deciding matter, the subpoena is invalid. The subpoena issued out of this court for a deposition and production that were to take place in Dallas, Texas, in the Northern District of Texas.

Rule 31(a)(1) FRCP governs depositions by written questions and reads in pertinent part as follows:

> A party may, by written questions, depose any person, including a party, without leave of court except as provided in Rule 31(a)(2). **The deponent's attendance may be compelled by subpoena under Rule 45.** (Emphasis added).

Rule 45(a)(2)(B) and (C) FRCP reads in pertinent part as follows:

> A subpoena must issue as follows:
> ***
> (B) for attendance at a deposition, **from the court for the district where the deposition is to be taken**; and
>
> (C) for production or inspection, if separate from a subpoena commanding a person's attendance, **from the court for the district where the production or inspection is to be made**. (Emphasis added).

The subpoena in this case commanded the custodian of records for Devon to appear and produce records at 350 North St. Paul, Dallas, TX 75201. The subpoena issued from the wrong court (W.D.La.), and should have issued from the Northern District of Texas where the deposition and production were commanded to take place. Since the subpoena is facially invalid

---

[13] Devon's response to motion, (Rec. Doc. 68), p. 7.

under Rule 45(a)(2)(B) and (C), this court has no authority to enforce it.[14] The proper procedure in this matter would have been for the subpoena to issue from the Northern District of Texas, and any motion compelling the production or deposition on written questions to be filed in that court, pursuant to Fed. R. Civ. P. 37(a)(2).[15] Therefore, mover's motion to compel and for attorney's fees will be denied.

The undersigned notes that, in the interests of compromise, efficiency, and cost-savings, Devon could have designated a representative to answer the written questions with the same information it provided in its brief to the court.

Devon has asked that it be compensated for time spent by its attorneys and employees in voluntarily responding to the invalid subpoena, and for attorneys fees and expenses in responding to the motion to compel and for contempt. Devon voluntarily chose to respond, at least in part, to the invalid subpoena, and therefore any expenses it incurred in doing so are its own responsibility. Furthermore, for the reasons stated, expenses and fees in opposing the motion to compel will not be awarded in this case.

For the reasons given above,

**IT IS ORDERED** that GlobalSantaFe Corporation's Motion to Compel Answers to Deposition on Written Questions (Rec. Doc. 63) is **DENIED**.

**IT IS FURTHER ORDERED** that Devon shall not be required, under this subpoena, to produce any documents other than those already voluntarily produced .

---

[14] See Stewart v. American Family Mut. Ins. Co., 2008 WL 440331 (E.D.La. 2008); James v. Booz-Allen & Hamilton, Inc., 206 F.R.D. 15 (D.C. 2002).

[15] "A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken."

7

**IT IS FURTHER ORDERED** that Devon's motion for costs and fees is **DENIED**.

Signed at Lafayette, Louisiana, on March 26, 2009.

*[signature]*

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)