**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| **APACHE CORPORATION** | **CIVIL ACTION NO. 06-1643** |
| **VS.** | **JUDGE DOHERTY** |
| **GLOBALSANTAFE DRILLING CO.**<br>**GLOBALSANTAFE HUNGARY SERVICES LLC**<br>**GLOBALSANTAFE SOUTH AMERICA, LLC**<br>**GLOBALSANTAFE CORPORATION** | **MAGISTRATE JUDGE METHVIN** |

*REPORT AND RECOMMENDATION ON APACHE CORPORATION'S*
*MOTION FOR SUMMARY JUDGMENT*
(Rec. Doc. 86 )

Before the court is plaintiff Apache Corporation's motion for summary judgment. In its motion, plaintiff asks the court to rule that defendants' limitation of liability and Act of God defenses fail as a matter of law. The motion is opposed.

*Background and Arguments of Parties*

This lawsuit arises out of an alleged allision between a jack-up rig owned and operated by defendants (collectively, "GSF") and Apache's South Marsh Island 128-A platform complex, comprised of a main platform and two auxiliary platforms, "SA-1" and "SA-2" (collectively, the "platform"). The alleged allision occurred during Hurricane Rita in September, 2005, when the rig broke loose from its legs during the storm. Apache contends that the rig broke loose because it was evacuated with an insufficient air gap of 50 feet.[1]

In its Answers, GSF contends that if any damages were caused by an allision with its rig, they "were caused solely by Hurricane Rita, which constituted an act of God." GSF also invokes

---

[1]An air gap is the vertical distance between the keel of the hull, or bottom hull plating, and the surface of the water, or mean sea level, as explained by Apache and GSF.

the benefits of "Sections 183, 184, 185, and 188 of Title 46 U.S.C. In Limitation of Liability of Shipowners. . . ."[2]

### *Applicable Law and Discussion*

### <u>Summary Judgment Standard</u>

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." <u>Id.</u>

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " <u>Celotex</u>, 477 U.S. at 324; see also <u>Matsushita</u>

---

[2]*Answer* (rec. doc. 6), p. 4,5; *Answer* (rec. doc. 8), p. 4, 5.

Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Auguster v. Vermillion Parish School Bd., 249 F.3d 400, 402 (5th Cir.2001).

## Act of God and Limitation of Liability Defenses

Under the general maritime law, when a drifting vessel causes damage to a stationary object, there is a presumption that the moving ship is at fault. The Louisiana , 70 U.S.164, 18 L.Ed. 85 (1865). This presumption of negligence is based on the logical deduction that a drifting vessel was mishandled or improperly moored. James v. River Parishes Co., Inc., 686 F.2d 1129, 1132-33 (5th Cir.1982). "The party against whom the presumption operates bears the burden of disproving it, not merely coming forward with countervailing evidence." Delta Transload, Inc. v. Motor Vessel, Navios Commander, 818 F.2d 445, 449 (5th Cir .1987). The moving vessel may rebut the presumption of fault by showing, by a preponderance of the evidence, the collision was (1) the fault of the stationary object, (2) that the moving ship acted with reasonable care, or (3) that the collision was an unavoidable accident.  Bunge Corp. v. M/V Furness Bridge, 558 F.2d 790, 795 (5th Cir.1977), cert. denied, 435 U.S. 924, 98 S.Ct. 1488 (1978)).  Thus, the burden of proving inevitable accident or Act of God rests on the moving vessel.

A party claiming Act of God as a defense must prove not only that the weather was heavy but also that it "took reasonable precautions under the circumstances as known or reasonably to be anticipated" to avoid the damage. Petition of U.S., 425 F.2d 991, 995 (C.A.La.1970). "[H]uman negligence as a contributing cause defeats any claim to the "Act of God" immunity[,] because of an "Act of God" is not only one which causes damage, but one as to which reasonable precautions and/or the exercise of reasonable care by the defendant, could not have prevented the damage from the natural event." Crescent Towing & Salvage Co, Inc. v. M/V Chios Beauty,

2008 WL 3850481 (E.D.La.2008), citing Skandia Ins. Co., Ltd. v. Star Shipping AS, 173

F.Supp.2d 1228, 1240-41 (S.D.Ala.2001)(internal citations omitted).

Similarly, under the Limitation of Liability Act, a vessel owner may limit its liability to

the value of the vessel and pending freight, but "if the vessel's negligence or unseaworthiness is

the proximate cause of the claimant's loss, the plaintiff-in-limitation must prove it had no privity

or knowledge of the unseaworthy conditions or negligent acts." Title 46 U.S.C. § 30505(a);

Trico Marine Assets, Inc. v. Diamond B. Marine Servs. Inc., 332 F.3d 779, 789 (5th Cir. 2003).

In order to satisfy its summary judgment burden, Apache, as the moving party, must

show that GSF does not have sufficient evidence to satisfy its burden of proof on its defenses.

That is, Apache must show that GSF has insufficient evidence that it took reasonable precautions

or exercised reasonable care in its preparation of the *Adriatic VII* for Hurricane Rita.

GSF has introduced evidence in the record that the weather forecasts for Hurricane Rita at

the location of the *Adriatic VII* at the time of its preparation and evacuation were maximum

winds of 40-55 knots and maximum wave heights of 20-28 feet; that it takes several hours to

prepare the rig for raising; that raising the rig to avoid waves may worsen a rig's chance of

survival; and that several rigs with air gaps higher than the *Adriatic VII* still failed in Hurricane

Rita.[3]

Considering the foregoing, I conclude that GSF has introduced sufficient evidence from

which a reasonable fact finder may determine that GSF took reasonable precautions to prevent

the breakaway, and therefore was not negligent. Because there are genuine issues of material fact

---

[3]See *Statement of Contested Material Facts* (rec. doc. 102-2), and Exhibits 2 (Weather Forecasts); 3 (Post Mortem
Failure Assessment of Jack-up MODUs during Hurricanes Katrina and Rita; and attached affidavits and depositions.

as to whether GSF took reasonable precautions under the circumstances, summary judgment is in appropriate.

### *Conclusion and Recommendation*

For the foregoing reasons,

**IT IS RECOMMENDED** that Apache Corporation's Motion for Summary Judgment (rec. doc. 86) be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on July 16, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)