RECEIVED
AUG 1 1 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| APACHE CORP. | CIVIL ACTION NO. 06-1643 |
| VERSUS | JUDGE DOHERTY |
| GLOBAL SANTAFE DRILLING CO., ET AL. | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Pending before this Court is the Report and Recommendation issued by Magistrate Judge Methvin on the Motion for Summary Judgment [Docs. 92 and 111] filed by defendants (hereinafter collectively referred to as "GSF"). GSF seeks summary judgment on grounds Apache lacks standing to bring the instant lawsuit, because there was no express assignment of BP's right to recover for damages to the platform at issue. Also pending before this Court is GSF's Motion in Limine to Strike Affidavits [Doc. 117], in which GSF seeks to strike the affidavits of John M. Kaffenes and John J. Christmann, IV on grounds the affidavits are inadmissible parole evidence. Plaintiff Apache Corporation opposes the motion for summary judgment [Doc. 101].

In her Report and Recommendation, the magistrate judge recommends GSF's motion for summary judgment be denied and GSF's motion in limine to strike affidavits be dismissed as moot. GSF filed an Objection to the magistrate judge's Report and Recommendation, arguing the magistrate judge erred in concluding the assignment of the cause of action in this matter was "express," and that Apache, therefore, has standing.

For the following reasons, this Court ADOPTS the magistrate judge's recommendation that the motion for summary judgment be denied, but DECLINES TO ADOPT the magistrate judge's

recommendation that the Motion to Strike Affidavits be dismissed as moot, all for the following reasons and with the following clarifications.

1. **Motion to Strike Affidavits [Doc. 117]**

GSF seeks to strike the affidavits of John M. Kaffenes and John J. Christmann, IV on grounds the affidavits are inadmissible parole evidence.

In response to GSF's motion for summary judgment, Apache attached two affidavits, one from John M. Kaffenes, Director, Mergers and Acquisitions of BP America, Inc., and one from John J. Christmann IV, Vice President, Business Development for Apache. Both Mr. Kaffenes and Mr. attest Apache assumed BP's obligations under the Joint Operating Agreement for damage to the platform, and BP assigned its rights against third parties for same to Apache. GSF contends the affidavits of Messrs. Kaffenes and Christmann should be stricken as impermissible parol evidence because the contract at issue – the Purchase and Sale Agreement – is not ambiguous, and "[t]estimony about the parties' intent is not admissible to vary or contradict the agreement's terms." *Lewis v. East Texas Finance Co.*, 146 S.W.2d 977, 980 (Tex. 1941).[1]

This Court agrees. This Court concludes although the language contained within the Purchase and Sale Agreement is not ideal, the language concerning the assumption of liability by the buyer (here, Apache) is sufficiently express to meet the standard under Texas law when the contract is read as a whole. Therefore, there is no need for parol evidence, and the affidavits of Messrs. Kaffenes and Christmann are not admissible and should be stricken.

Consequently, IT IS ORDERED that GSF's Motion in Limine to Strike Affidavits [Doc. 117]

---

[1] It is undisputed the issue of assignment of Apache's cause of action – and the issue of its standing to bring the instant lawsuit against the GSF entities under the Purchase and Sale Agreement – is governed by Texas law.

2

is GRANTED.

2. **GSF's contention that the SMI 128 platform is not mentioned in the Purchase and Sale Agreement is factually inaccurate**

In arguing the language in the Purchase and Sale Agreement is not "clear, definite, explicit, plain, direct, or unmistakable – and, thus, not "express" – GSF contends the language in the Purchase and Sale Agreement does "not even mention accrued causes of action *or the SMI 128 platform complex.*" The latter portion of the foregoing statement is not factually accurate. Indeed, the SMI 128 platform is specifically and expressly discussed in Schedule 1.1.7 of the Purchase and Sale Agreement, in the section entitled "Conditions Associated with Properties," in which the damage to the platform from Hurricane Rita is extensively detailed. The inclusion of the platform in this Schedule, which is specifically made part of, and incorporated into, the Purchase and Sale Agreement, bolsters this Court's conclusion that Apache was made aware of the damaged platform prior to the assumption of liability by Apache of BP's "causes of action against Third Parties," and that the parties contemplated the assignment of BP's rights to Apache of "accrued" causes of action related to the damaged SMI 128 platform as part of the assignment.

3. **GSF's argument that "accrued causes of action" were not expressly assumed by Apache is not persuasive**

This Court now addresses GSF's main argument, that is, because the Purchase and Sale Agreement does not contain the word "<u>accrued</u>" directly in front of the phrase "<u>causes of action</u>" in Section 1.1.100 of the Purchase and Sale Agreement, only "future" causes of action could have been assumed by Apache. This Court concludes this argument is unpersuasive. Indeed, the liability that flows out of the injury under the facts of this particular case was the injury to the platform *that already existed at the time Apache sought to assume the liabilities of BP*, that is, for the liabilities

3

to have been "expressly assumed" pursuant to Section 1.1.100(k) of the Purchase and Sale Agreement, the cause of action which relates to those liabilities (the damage to the SMI 128 platform) must have occurred *in the past*. Under Texas law, a cause of action for injury to real property accrues *when the injury occurs*. *Cook v. Exxon Corp.*, 145 S.W.3d 776, 781 (Tex. App. - Texarkana 2004); *Denman v. Citgo Pipeline Co.*, 123 S.W.3d 728 (Tex. App. Texarkana 2004);*Senn v. Texaco, Inc.*, 55 S.W.3d 222, 225 (Tex. App. - Eastland 2001). Therefore, at the time of the Purchase and Sale Agreement, BP's cause of action against GSF was, for all intents and purposes, an "accrued" cause of action.

Considering the foregoing, and for the full reasons cited by the magistrate judge in the Report and Recommendation, this Court concludes BP expressly assigned its rights against GSF for damages to the SMI 128 platform, and Apache expressly assumed those rights.

**4.    GSF's allegations of windfall profits to Apache**

In its motion for summary judgment, Apache alternatively argues if this Court concludes Apache has standing to assert the claims in this lawsuit, this Court should conclude Apache has suffered no damages. GSF contends Apache knew the platform was damaged when it purchased it and "allocated a purchase price of $65.6 million to the SMI 128, yet is seeking to recover 66% of $117 million, or roughly $77 million." GSF contends this would result in a windfall for Apache, where it would "effectively receive the entire physical assets and reserves for free, plus $11 million."

The magistrate judge concluded there are genuine issues of material fact in dispute regarding GSF's allegations of windfall profits and lack of damages, and those issues are properly raised at trial. This Court agrees. Therefore, summary judgment on this alternative argument must be denied and the issue of damages and what damages might flow is a matter for future pocket briefs to the

4

Court and, ultimate determination by the trier of fact at trial.

Considering the foregoing, IT IS ORDERED that GSF's Motion for Summary Judgment [Docs. 92 and 111] is DENIED. This Court concludes BP expressly assigned its rights against GSF for damages to the platform, and Apache expressly assumed those rights. This Court further concludes there are genuine issues of material in dispute regarding GSF's allegations of windfall profits and lack of damages, and that issues relating to the amount of damages due are more properly addressed at trial.

THUS DONE AND SIGNED in Lafayette, Louisiana, this __11__ day of August, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE