RECEIVED
JUN 1 7 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| APACHE CORPORATION | CIVIL ACTION NO. 06-1643 |
| VS. | JUDGE DOHERTY |
| GLOBALSANTAFE DRILLING CO., ET AL. | MAGISTRATE JUDGE HANNA |

### MEMORANDUM RULING

Pending before the Court is the "Unopposed Motion to Certify for Appeal Pursuant to 28 U.S.C. §1292(b) and to Stay Pending Interlocutory Appeal" filed by defendants GlobalSantaFe Corporation, GlobalSantaFe Drilling Company, GlobalSantaFe South America, LLC, and GlobalSantaFe Hungary Services, LLC (collectively, "GSF") [Doc. 193]. As indicated in the motion itself, the motion is not opposed by plaintiff Apache Corporation. GSF moves this Court to certify this Court's Memorandum Ruling and Order [Docs. 191 & 192], rendered on June 4, 2010, as immediately appealable pursuant to 28 U.S.C. §1292(b).

*Factual and Procedural Background*

This lawsuit arises out of an alleged allision between GSF's jack-up drilling rig, the ADRIATIC VII, and a platform owned by Apache during Hurricane Rita in September 2005. Specifically, Apache alleges GSF's rig broke loose during the hurricane and allided with Apache's platform on the outer continental shelf off the coast of Louisiana at South Marsh Island, Block 128 (hereinafter, "SMI 128"), causing extensive damage to Apache's platform. In its original Complaint, Apache invokes this Court's jurisdiction under two bases: (1) "admiralty jurisdiction" pursuant to 28 U.S.C. §1333 and the Admiralty Extension Act, 46 U.S.C. §30101, and (2) the Outer Continental

Shelf Lands Act, 43 U.S.C. §1331, *et seq.* ("OCSLA").

Apache did not make a Fed. R. Civ. P. 9(h) declaration in its Complaint; Apache requests a jury trial. Similarly, in its original Answer, GSF requests a jury trial. Nevertheless, on January 26, 2009, GSF filed a "Motion to Strike Demand for Jury Trial" [Doc. 60], seeking to strike the jury demands of both parties, arguing federal question jurisdiction under the Outer Continental Shelf Lands Act, 43 U.S.C. §1331, *et seq.* ("OCSLA"), does not exist under the facts presented, and jurisdiction exists solely under the Court's admiralty jurisdiction, within which there is no right to a jury trial. Apache argued it is entitled to a jury trial because it has asserted an *in personam* maritime claim against GSF on the "law" side of the Court's jurisdiction pursuant to the Admiralty Extension Act, and because the Seventh Amendment guarantees a party's right to a jury trial for claims such as Apache's against GSF.

The motion was referred to the magistrate judge, who recommended GSF's motion be granted and Apache's request for a jury trial be stricken [Doc. 132]. However, after oral argument on the motion, post-argument briefing, and considerable time considering the issues before the Court, this Court concluded the right to a jury trial attached pursuant to the Seventh Amendment; dual jurisdiction exists under the admiralty and OCSLA, thus, an independent basis for jurisdiction exists beyond the Admiralty; no 9(h) designation was made; and OCSLA presents no prohibition against the right to a jury trial, there being no such prohibition or designation under Rule 9(h). Finding Fed. R. Civ. P. 38(a)(e) establishes the Seventh Amendment Right prevails, this Court concluded the right to a jury trial remains by way of the additional, non-maritime, grant of jurisdiction, here found under OCSLA.

In the instant motion, GSF urges this Court to certify the June 4, 2010 Memorandum Ruling

2

and Order on the jury issue as immediately appealable pursuant to 28 U.S.C. §1292(b), which states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Apache urges this Court to find the Court's June 4, 2010 ruling on the issue of a jury trial "involves a controlling question of law as to which there is substantial ground for difference of opinion," inasmuch as the parties dispute the issue of whether Apache is entitled to a jury trial, and the issue is one of first impression in this Circuit. In its ruling, this Court stated it "recognizes the uncertainty and importance of this question and invites the parties to place the matter before the appellate court for full clarification of the important legal issues presented." Indeed, Apache seeks millions of dollars for the damage to its platform, and the parties believe – and this Court agrees – it would be far more judicially efficient to resolve the jury trial issue before trying the case as opposed to resolving it after a trial has been concluded.

Thus, this Court believes the issues raised in GSF's Motion to Strike involve a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation. Thus, this Court finds that an immediate appeal from the Court's June 4, 2010 Memorandum Ruling and Order under 28 U.S.C. §1292(b) will materially advance the ultimate termination of the litigation, and the

Court hereby certifies the Ruling and Order as immediately appealable pursuant to 28 U.S.C. §1292(b). Additionally, this matter will be stayed until such time as the Court of Appeals for the Fifth Circuit resolves the interlocutory appeal.

THUS DONE AND SIGNED in Lafayette, Louisiana, this __17__ day of June 2010.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE